```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

ALFONZO FAULK,

                            Plaintiff,

                                                                   <u>DECISION AND ORDER</u>

                                                                     09-CV-6377L

              v.

GOVERNOR DAVID PATERSON, et al.,

                            Defendants.
_____

       Plaintiff Alfonzo Faulk commenced this action *pro se* against New York State Governor David Paterson and a number of state officers and employees (collectively "defendants"), alleging that the defendants denied him adequate medical and dental care while incarcerated, in violation of his rights pursuant to 42 U.S.C. §1983 and the United States Constitution.

       On August 20, 2009, the Court granted a motion by plaintiff to proceed in forma pauperis, and directed the plaintiff to furnish the Court, by September 23, 2009, a current address for service. (Dkt. #3). Attempts to serve plaintiff at an address on Washington Avenue, New York, New York, were unsuccessful and no new information had, to the Court's knowledge, been filed as of October 21, 2009. The Court accordingly dismissed the matter on that date, without prejudice. (Dkt. #4).

       On December 3, 2009, plaintiff filed a motion for reconsideration of the Court's October 21, 2009 Order. Plaintiff contends that he contacted the Clerk's office on or about October 23, 2009,

and learned that the matter had been dismissed due to his failure to timely provide a valid mailing address. Plaintiff protested that he had already provided a valid mailing address to the Clerk's office, via a letter dated August 16, 2009. (Dkt. #5, Exh. A). In discussing the matter further with the Clerk's office, plaintiff discovered that the address that was on file with the Clerk's office was different from the one he had provided in one minute but significant respect: it referred to a residence on Washington Avenue, while his actual residence was located on *Fort* Washington Avenue. The Court notes that the mailings which were dispatched to plaintiff were indeed addressed to a residence on Washington Avenue, New York, New York.

Plaintiff now moves for reconsideration of the Court's Decision and Order pursuant to Fed. R. Civ. Proc. 60(b), in light of the fact that the dismissal of his case appears to have resulted from a simple clerical mistake concerning his mailing address, and requests that the action be reinstated.

I conclude that in light of these facts and in the interests of justice, plaintiff is entitled to reinstatement of this action. Plaintiff's motion for reconsideration pursuant to Fed. R. Civ. Proc. 60(b) (Dkt. #5) is granted, and the Clerk is directed to reopen this matter. Defendants' time to answer or otherwise respond to the Complaint within the relevant statutory time limitations shall begin to run from the date of reinstatement.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 15, 2009.